```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
                                   :
FAHRIJE MEHAJ,                     :
                                   :
               Plaintiff,          :    04 Civ. 7613 (LLS)
                                   :
          v.                       :    OPINION AND
                                   :    ORDER
                                   :
BUILDING SERVICE 32B-J HEALTH      :
FUND and BUILDING SERVICE 32B-J    :
HEALTH FUND,                       :
                                   :
               Defendants.         :
- - - - - - - - - - - - - - - - - -x
```

Plaintiff Fahrije Mehaj claims that the Building Service 32B-J Health and Pension Funds (the "defendants") denied her application for disability benefits in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. Defendant moves for summary judgment dismissing her claims pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Discussion

1.

When reviewing a denial of benefits under ERISA,"where the written plan documents confer upon a plan administrator the discretionary authority to determine eligibility, we will not

disturb the administrator's ultimate conclusion unless it is 'arbitrary and capricious.'" Pagan v. NYNEX Pension Plan, 52 F.3d 438, 441 (2d Cir. 1995).

The Health Fund Agreement and Declaration of Trust states that "In the event that any disputed matter shall arise under the Plan, the decision of the Trustees upon such matter shall be binding and conclusive upon all parties. ..." June 2, 2005 Aff. of Frank Smith, Ex. C, Seventh (B), at p. 4. The Summary Plan Description states in its introduction that:

> the Trustees, other Plan fiduciaries, and individuals to whom responsibility for the administration of the Plan has been delegated have discretionary authority to interpret the terms of the Plan, to determine eligibility and entitlement to benefits in accordance with the terms of the Plan, and to decide any fact related to eligibility for an entitlement to benefits. Any interpretation or determination made under that discretionary authority will be given full force and effect, unless it can be shown that the interpretation or determination was arbitrary and capricious.

Id., Ex. D, at p. iv.

The Pension Fund Agreement and Declaration of Trust similarly grants the Trustees the power:

> To decide, in the Trustees' sole discretion, all questions (both factual and legal) relating to the eligibility or rights of Participants or Beneficiaries for Benefits under the Plan, and the amount and kind of all Benefits to be paid under the Plan;

Id., Ex. E, Art. V, § 1(e), p. 12. Since both the Health Fund and Pension Fund documents confer discretionary authority to determine eligibility on the Trustees, their denial of benefits

to plaintiff must be upheld unless it was the arbitrary and capricious.

2.

Defendants denied plaintiff's initial application for benefits on July 11, 2003. Plaintiff appealed that decision to the funds' Appeals Committee (the "Committee"). After a hearing, the submission of additional evidence, and further consideration, the Committee denied plaintiff's appeal by letter dated March 29, 2004 ("the Determination"). See Id., Ex. DD. The Determination set forth the Committee's reasoning.

> Section 4.11 of the Pension Plan document provides that a participant is totally and permanently disabled if, on the basis of medical evidence satisfactory to the Trustees, he or she is found to have become, while working in covered employment, totally and permanently unable, as a result of bodily injury or disease, to engage in any further employment or gainful pursuit.
>
> The Appeals Committee has determined that your condition does not meet the above-described eligibility standard based on the following medical information: Dr. Ira Rashbaum's Independent Medical Evaluation and Report dated 4/8/03 wherein he states that you are not totally disabled from a physical medicine and rehabilitation standpoint and that you "could work in a sedentary capacity", Dr. Lester Lieberman's Independent Orthopedic Evaluation and Report Attending Physician's Statement dated 12/10/03 wherein he states that you are not totally and completely unable to work in any capacity at any type of profession. In addition, the Committee reviewed the following medical records you submitted: Statement dated 2/25/04 from Dr. Jorge Rinsky; Dr.

>     Slobodan Aleksic's Attending Physician's Statement
>     dated 1/22/03 and Attending Doctor's Report for
>     Worker's Compensation for dates of treatment 11/6/02
>     through 11/19/02; Claimant's Supplementary Statement
>     dated 1/31/00; Operative Report dated 9/29/99 for tear
>     in Right Rotator Cuff; MRI Scan Report of the
>     Lumbosacral Spine dated 1/22/03; MRI Examination
>     report of the Left Shoulder dated 7/16/02; MRI Scan
>     Report of the Cervical Spine dated 10/8/01; Computed
>     Tomography report of the Soft Tissues of the Neck
>     dated 11/14/00; MRI Report of the Right Shoulder dated
>     10/30/98; and Social Security Administration Notice of
>     Award dated March 29, 2003; as well as the entire file
>     records.

Id.

In so deciding, the Committee chose to credit the opinions of the two independent physicians, Dr. Rashbaum and Dr. Lieberman, over those of plaintiff's physicians, Dr. Aleksic and Dr. Rinsky, each of whom had concluded that plaintiff was totally disabled within the meaning of the Plan.  Such a choice is within the prerogative of the Committee.  The Supreme Court has held that "courts have no warrant to require administrators automatically to accord special weight to the opinions of a claimant's physician; nor may courts impose on plan administrators a discrete burden of explanation when they credit reliable evidence that conflicts with a treating physician's evaluation."  Black & Decker Disability Plan v. Nord, 538 U.S. 822, 834, 123 S.Ct. 1965, 1972 (2003).

3.

Under the arbitrary and capricious standard, a reviewing court may overturn a decision "only if it was 'without reason, unsupported by substantial evidence or erroneous as a matter of law.'" Pagan, 52 F.3d at 442, quoting Abnathya v. Hoffman-La Roche, Inc., 2 F.3d 40, 45 (3rd Cir. 1993). "The exercise of discretion involves the freedom to decide what evidence to credit or to discredit." Vursanaj v. Building Service 32B-J Health and Pension Fund, 1995 WL 590616, at *4 (S.D.N.Y. Oct. 4, 1995). The court may not substitute its judgment for that of the Committee. Id. The Determination is supported by the reports of Dr. Rashbaum (a Clinical Associate Professor at the Rusk Institute of Rehabilitation Medicine), and of Dr. Lieberman (who rendered a detailed four-page letter-report and concluded that plaintiff was not "totally and completely unable to work in any capacity at any type of profession").

4.

Plaintiff complains that the Committee did not consider the July 13, 2004 report of Dr. Tamara Pinkhasova, who concluded that plaintiff was totally disabled. However, that report was not before the Committee and, because it did not exist until some

months after the Determination, it is not part of the record. The Second Circuit has held that "a district court's review under the arbitrary and capricious standard is limited to the administrative record." Miller v. United Welfare Fund, 72 F.3d 1066, 1071 (2d Cir. 1995). In the nature of these proceedings, the court cannot assess plaintiff's condition except as of the time of the Committee's determination.

Plaintiff also asserts that the Determination contradicts her March 29, 2003 award of disability benefits from the Social Security Administration. The Committee need not defer to the Social Security determination. While the determination of Social Security benefits is made under a uniform set of federal criteria, a claim to benefits under an ERISA plan turns mainly on the terms of the plan at issue. See Black & Decker, 538 U.S. at 833, 123 S.Ct. at 1971; see also Rivera v. Board of Trustees, 2003 WL 21710763, *4 (S.D.N.Y. July 23, 2003)("Different factors go into a Social Security determination").

5.

Plaintiff raises several procedural questions about the appeals process.

She complains that the defendants' letter dated January 9, 2004 notifying her of the appeal hearing fails to advise her of

her right to appear with counsel or an interpreter, or to present testimony. Under the law, defendants need only provide "the opportunity to submit written comments, documents, records, and other information relating to the claim for benefits." 29 CFR § 2560.503-1(h)(2)(ii). She had that opportunity and, in any event, did attend the hearing with an attorney and interpreter. Her complaint on this point is captious.

Plaintiff also claims that the Committee failed to consider the Social Security award. This complaint also is baseless, as the Determination specifically lists the Social Security Administration Notice of Award among the documents that the Committee reviewed. Smith Aff., Ex. DD.

Next, plaintiff argues that the advance summary provided to the Committee by a Fund employee is biased toward denial and does not mention all the relevant evidence. However, the Committee's report shows that it independently reviewed all the evidence available at the time, and did not rely on the summary in the formulation of its Determination.

Finally, plaintiff complains in her brief that she did not receive the reports of Dr. Rashbaum and Dr. Lieberman prior to the March 23, 2004 hearing. No affidavit makes that assertion, and it is contradicted as to Dr. Rashbaum's report by correspondence in the record. Certainly both the Lieberman and Rashbaum reports were available during and after the hearing,

and plaintiff has offered no argument or proof of how her receipt of those reports earlier would have affected the outcome.

## Conclusion

Accordingly, defendants' motion for summary judgment is granted. The Clerk will enter judgment dismissing the complaint, with costs and disbursements to defendants according to law.

So ordered.

Dated: August 22, 2005
      New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.